**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3877-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID L. GASKINS,

     Defendant-Appellant.

_____

Submitted April 2, 2019 – Decided June 10, 2019

Before Judges Yannotti and Natali.

On appeal from Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 09-06-0258.

Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant David L. Gaskins appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Following his convictions for second-degree conspiracy to distribute cocaine, N.J.S.A. 2C:5–2 and 2C:35–5(a)(1) and (b)(2); third-degree conspiracy to distribute cocaine within 1000 feet of a school, N.J.S.A. 2C:5–2 and 2C:35–7; second-degree conspiracy to distribute cocaine within 500 feet of a public building, N.J.S.A. 2C:5–2 and 2C:35–7.1; second-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35–5(a)(1) and (b)(2); third-degree possession of cocaine with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35–5(a) and 2C:35–7; and second-degree possession of cocaine with intent to distribute within 500 feet of a public building, N.J.S.A. 2C:35–5(a) and 2C:35–7.1, defendant filed a direct appeal. We affirmed his conviction and sentence in an unpublished opinion, State v. Gaskins, No. A–1157-13 (App. Div. April 26, 2016), and the Supreme Court denied defendant's petition for certification. State v. Gaskins, 227 N.J. 236 (2016). The facts regarding the underlying offenses, and the issues raised on direct appeal are set forth in our opinion and need not be repeated here.

Defendant filed a timely pro se PCR petition and a supplemental certification with the assistance of assigned PCR counsel. In his pro se petition,

2

defendant failed to answer the question requiring him to "state with specificity the facts upon which the claim for relief is based, legal arguments and all claims."  In his supplemental certification, defendant claimed his "case was the subject of many errors by the court during the pretrial process and . . . trial which resulted" in his conviction.  He further certified that he did not "present certain facts during the trial, because the [State] fraudulently prevented [him] from discovering them."

PCR counsel also filed a twenty-page brief in which he argued: 1) defendant's claims were not procedurally barred under Rule 3:22; 2) trial counsel was ineffective under the two-prong test set out in Strickland v. Washington, 466 U.S. 668 (1984); and 3) defendant was entitled to an evidentiary hearing. PCR counsel's brief specifically incorporated defendant's statements contained in his supplemental certification, and further argued that a "combination of errors and ineffective assistance of counsel[,] and errors of the [c]ourt lay the basis" for defendant's petition.

At oral argument, PCR counsel advised the court that the statements in defendant's supplemental certification were based upon information provided by defendant, and restated that trial counsel failed to introduce "testimony and facts" on defendant's behalf and "didn't forcefully enough attempt to bring out

these facts." PCR counsel also represented that defendant maintained the State fraudulently prevented him from discovering facts. After the court noted that there was "nothing specific asserted as to that allegation of fraud," PCR counsel consulted with defendant, who then articulated an "issue of fraud" relating to the original judgment of conviction's reference to a "count seven." The PCR court addressed defendant's concern by noting a Change of Judgment of Conviction was entered to correct the inadvertent reference to a count seven because only six counts were charged in the indictment.

After hearing oral arguments, the court denied defendant's petition in a February 21, 2018 order. In the court's oral decision rendered that day, the PCR judge found that the Change of Judgment of Conviction adequately "address[ed] the [c]ount [s]even question" as it related to defendant's fraud allegation and the petition otherwise was "lacking in any specificity with regard to any [claim] of ineffective performance by trial counsel." On appeal, defendant raises the following issue:

> POINT I
>
> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF POST-CONVICTION RELIEF COUNSEL.

A-3877-17T2

Defendant urges us to reverse the February 21, 2018 order and remand his petition to the PCR judge for the assignment of a "newly assigned competent PCR [c]ounsel." Like his claims against trial counsel, however, defendant has not supported his claims against PCR counsel with a sworn statement "alleg[ing] facts sufficient to demonstrate counsel's alleged substandard performance." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Nor has defendant specifically challenged the PCR judge's findings.

This appeal, nevertheless, requires us to apply two standards. The first governs claims of ineffective assistance of trial counsel, and the second controls claims against PCR counsel. We briefly discuss these two, slightly different standards.

The principles governing our analysis of ineffective assistance of trial counsel are well settled. A defendant who files a PCR petition must establish, by a preponderance of the credible evidence, entitlement to the requested relief. State v. Preciose, 129 N.J. 451, 459 (1992). To carry that burden, a defendant must allege and articulate specific facts, which "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere assertion of a PCR claim does not entitle a defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. To establish a prima facie claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable likelihood of success under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). That is, the defendant must show: (1) the deficiency of his counsel's performance; and (2) prejudice to his defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey) (Strickland/Fritz test). "[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

Under the first prong of the Strickland/Fritz test, a petitioner "must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. It must be demonstrated that counsel's representation "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687–88; Fritz, 105 N.J. at 52, 60–61. The second prong requires a defendant to show that the defect in counsel's performance so

6

"prejudiced defendant's rights to a fair trial" that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.

Employing this standard, we are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland/Fritz test.  We affirm for the reasons stated by the PCR judge in his well-reasoned oral decision.

We next address defendant's claim that he was denied the effective assistance of PCR counsel, noting that this argument was not raised before the PCR judge. The performance of PCR counsel is examined under a different standard than the standard applicable to trial counsel. Regarding a claim that PCR counsel was ineffective, the Supreme Court has stated:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.

[State v. Webster, 187 N.J. 254, 257 (2006).]

"The remedy for counsel's failure to meet the[se] requirements . . . is a new PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010) (citing State v. Rue, 175 N.J. 1, 4 (2002)). "This relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard. Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." Ibid. (citations omitted).

We determined in Hicks the defendant had failed to receive the benefit of the attorney's expertise, in part because the attorney limited his performance to representing the arguments the defendant included in his own pro se petition. Id. at 374. In addition, there was no evidence he conducted an independent evaluation of defendant's case to determine whether there were other grounds to attack defendant's conviction, and there were indications PCR counsel had not even reviewed the file, based on comments to the court in oral argument that betrayed ignorance of the essential facts of the underlying case. Ibid. We remanded for a new PCR proceeding. Id. at 375.

PCR counsel is not, however, required to bolster claims raised by a defendant that are without foundation, but rather, only those "the record will

support." Webster, 187 N.J. at 257. With this standard in mind, we consider defendant's arguments as they pertain to his assigned PCR counsel.

Defendant faults PCR counsel for failing to argue at oral argument, and failing to provide the PCR court "with [any] specifics, whatsoever, to support [defendant's] claims." He also argues that PCR counsel "failed to counsel . . . [him] adequately with respect to the supplemental [c]ertification," resulting in the preparation of a certification that "fails to state with specificity the [d]efendant's claims." According to defendant, "PCR counsel's failure to submit anything to support the allegations" resulted in his petition for PCR "being wrongfully denied." Finally, defendant maintains PCR counsel should have prepared an amended petition "set[ting] forth the issues with specificity," and having not done so, "PCR counsel undoubtedly doomed his . . . case."

Unlike in Hicks, where it was apparent that PCR counsel had failed to meet his obligations, we cannot conclude on the record before us that PCR counsel failed to discharge his proper responsibilities and that a remand for a new hearing is required. For example, it is clear from defendant's participation in oral argument, and counsel's representations, that PCR counsel reviewed the file, and consulted with his client. In this regard, defendant concedes on appeal

that his supplemental certification "was prepared with PCR [c]ounsel's guidance" as "PCR [c]ounsel's name and address are on the [c]ertification."

Further, on appeal defendant has not alleged with even the slightest degree of specificity what other meritorious issues PCR counsel could, or should have, raised. He has not claimed PCR counsel failed to communicate with him, or failed to investigate any claims against trial counsel "urged by" defendant. See Webster, 187 N.J. at 257. Most importantly, defendant has failed to even allege, must less certify, what specific information PCR counsel should have included in his supplemental certification, or any amended petition.

By failing to identify specifically what his supplemental certification should have contained, defendant has not demonstrated that PCR counsel failed to develop a "legitimate argument[] that the record will support." See ibid. It thus cannot be said that the issues raised, or not raised, by PCR counsel were the result of his failure to engage in a reasonable investigation and effort, or instead whether the record simply failed to support a valid claim of ineffective assistance of trial counsel.

Consequently, we discern no violation of the dictates of Rue, 175 N.J. at 4. We therefore conclude that defendant has failed to assert a cognizable claim of inadequate performance by PCR counsel under the Hicks test.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3877-17T2